IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TRACY YOSHIYUKI TAMANAHA, | ) | CIVIL NO. 10-00273 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, NA, INDYMAC BANK, FSB, and DOES 1 through 20 inclusive, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DISMISS**
**DEFENDANT INDYMAC BANK, FSB WITHOUT PREJUDICE**

On May 7, 2010, Plaintiff Tracy Yoshiyuki Tamanaha ("Plaintiff") filed the instant action against Defendants Wells Fargo Bank, NA ("Wells Fargo") and Indymac Bank, FSB ("Indymac"). Plaintiff served Wells Fargo on August 11, 2010, and obtained an entry of default against Wells Fargo on September 9, 2010.  This Court granted Wells Fargo's Motion to Set Aside Entry of Default on October 25, 2010.

Rule 16 Scheduling Conferences were set in this case on August 2, 2010 and September 2, 2010.  At each, this Court noted that Plaintiff had not completed service.  On September 2, 2010, this Court informed Plaintiff that, if service was not completed on Indymac by October 18, 2010, the Court would recommend that the case be dismissed as to Indymac.  A triage conference was set for November 9, 2010, but was not held because this Court noted

that Plaintiff did not complete service on Indymac.  Federal Rule of Civil Procedure 4(m) states, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 120 days have passed since Plaintiff filed the Complaint, and the Court gave Plaintiff notice that it would recommend dismissal if Plaintiff did not complete service on Indymac by October 18, 2010.  Plaintiff neither completed service on Indymac nor established good cause for failing to serve Indymac.  The Court therefore FINDS that, pursuant to Rule 4(m), Plaintiff's Complaint should be dismissed as to Indymac.

### **CONCLUSION**

On the basis of the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's case be DISMISSED WITHOUT PREJUDICE as to Defendant Indymac Bank, FSB.

The parties are advised that any objection to this Findings and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation.  See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."  A copy of the objection shall be served on all parties.

   IT IS SO FOUND AND RECOMMENDED.

   DATED AT HONOLULU, HAWAII, December 1, 2010.



           /S/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States Magistrate Judge

**TRACY YOSHIYUKI TAMANAHA V. WELLS FARGO BANK, NA, ET AL; CIVIL NO. 10-00273 DAE-LEK; FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT INDYMAC BANK, FSB WITHOUT PREJUDICE**