IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRACY YOSHIYUKI TAMANAHA, | ) CIVIL NO. 10-00273 DAE-KSC |
| Plaintiff, | ) FINDINGS AND ) RECOMMENDATION TO DISMISS |
| vs. | ) DEFENDANT WELLS FARGO ) BANK, NA WITHOUT PREJUDICE |
| WELLS FARGO BANK, NA; DOES 1 THROUGH 20, | ) ) ) |
| Defendants. | ) ) |

FINDINGS AND RECOMMENDATION TO DISMISS
DEFENDANT WELLS FARGO BANK, NA WITHOUT PREJUDICE

Plaintiff Tracy Tamanaha ("Plaintiff") commenced this action on May 7, 2010. On September 9, 2010, on Plaintiff's motion, the Clerk entered default as to Wells Fargo. Doc. Nos. 9, 10. On September 27, 2010, Wells Fargo filed a motion to set aside the Clerk's entry of default. In its motion, Wells Fargo asserted that the Return of Service for Wells Fargo (Doc. No. 7) was deficient and that it had never been properly served in this action. Doc. No. 12. Wells Fargo also disclosed that its registered agent for service of process in Hawaii is CSC Services of Hawaii, Inc., and Wells Fargo provided a link to the Department

of Commerce and Consumer Affairs website, which contains the agent's name and address. Doc. No. 12-1 at 2. Plaintiff filed a statement of no opposition to Wells Fargo's motion. Doc. No. 14. On October 25, 2010, the Court granted Wells Fargo's motion to set aside the entry of default. Doc. No. 15.

On November 9, 2010, the scheduled Triage Conference was not held because service had yet to be completed. Doc. No. 19. On December 21, 2010, Indymac was dismissed from this action for failure to serve.[1] Doc. Nos. 21, 20. On February 3, 2011, the Court held a status conference regarding the issue of service on Wells Fargo and the parties indicated that they would "meet and confer" about said issue. Doc. No. 23. The Final Pretrial Conference was held on July 14, 2011. At that conference, the Court was informed that Wells Fargo has not been served.

On July 14, 2011, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed

---

[1] Thus, Plaintiff was clearly on notice about the consequences of failing to effect service.

for failure to serve Wells Fargo within the 120 day time limit set forth in Federal Rule of Civil Procedure ("FRCP") 4(m).

On August 11, 2011, the Court held the OSC hearing. Robin Horner, Esq., appeared on behalf of Plaintiff and Carol Eblen, Esq., and Audrey Yap, Esq., appeared on behalf of Wells Fargo. Plaintiff seeks additional time to serve Wells Fargo and represents that it may be necessary to amend the Complaint to include the proper and necessary parties. Wells Fargo submits that there is no justification for Plaintiff's failure to serve the Complaint. The Court agrees.

FRCP 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "[D]istrict courts have broad discretion under General Rule 4(m) to extend time for

service even without a showing of good cause." U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 772 (9th Cir. 2004); In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). In such cases, "the district court may extend time for service upon a showing of excusable neglect." Lemoge v. U.S., 587 F.3d 1188, 1198 (9th Cir. 2009) (citing Sheehan, 253 F.3d at 514). The Court examines the following four factors to determine whether neglect is excusable: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. at 1192 (citations omitted).

Here, approximately 15 months have passed since the filing of the Complaint. Plaintiff has never requested an extension of time to serve, nor has Plaintiff demonstrated good cause or excusable neglect that would provide the Court with a basis to grant an extension of time to serve. Plaintiff has had ample time, with the assistance of counsel, to identify Wells

4

Fargo's local agent for service of process.  Plaintiff has been aware of this service issue since at least September 2010, and was provided with the identity and address of the proper agent for service in September 2010.  Based on the record before the Court, it appears that Plaintiff made no effort to effect proper service, even after being advised that CSC Services of Hawaii, Inc. is the proper agent for service of process, and after the Court discussed Plaintiff's failure to effect proper service at multiple conferences.  Indeed, the last known effort to serve occurred in January 2011 when Solomon Naluai attempted to serve CT Corp. in Hawaii.[2]  To allow Plaintiff to serve Wells Fargo at this late date would prejudice Wells Fargo and would unreasonably delay the proceedings.  Plaintiff has not provided a sufficient explanation for the failure to serve, and has not acted in good faith.

---

[2] The Court is perplexed as to why Plaintiff attempted to serve CT Corp in January 2011 when it knew, as of September 27, 2010, that CSC Services of Hawaii, Inc. is the proper agent.

Although Plaintiff indicates that he wishes to amend his Complaint, he has not sought leave to do so, and the deadline for filing a motion to amend expired approximately 6 months ago, on February 4, 2011. Even assuming Plaintiff files a motion to amend, and said motion is granted at this late stage in the litigation (following the final pretrial conference), the 120 day service period would not restart as to Wells Fargo. <u>Bolden v. City of Topeka</u>, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120-day period provided by [FRCP] 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.") (emphasis added); <u>City of Merced v. Fields</u>, 997 F. Supp. 1326, 1337-39 (E.D. Cal. 1998). As such, Plaintiff's reliance on his perceived need to amend the Complaint to excuse his failure to serve is misplaced. An amended pleading would not afford Plaintiff additional time to serve Wells Fargo, nor would it serve as a basis to grant an extension of the service deadline. Because no legitimate basis

exists to extend the time for service, the action should be dismissed.

FRCP 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

In the present case, dismissal is appropriate given Plaintiff's failure to prosecute; namely, the failure to serve Wells Fargo. The Court, after considering the five dismissal factors set forth in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002),[3] finds that they weigh in favor of dismissal.

---

[3] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan, 291 F.3d at 642.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal.  So too does the lack of availability of less drastic alternatives.  The Court has repeatedly raised the issue of service.  Yet, even after being provided with the identify of Wells Fargo's agent in Hawaii, Plaintiff has not served Wells Fargo.  Notably, Plaintiff has at all times been represented by counsel in this action.  For these reasons, the Court is left with no choice but to dismiss.  The Court believes that an extension of time to serve would be futile given Plaintiff's failure to comply with his FRCP 4 obligations to date.

Moreover, Wells Fargo will suffer prejudice if Plaintiff is given additional time to serve.  Despite Wells Fargo's attempts to advise Plaintiff about proper service, Plaintiff has not taken action.  The additional time that passes (beyond the 15 months that have lapsed since the commencement of this action)

8

without the effectuation of service will impair Wells Fargo's ability to proceed to trial and interfere with the rightful and timely disposition of this case.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed without prejudice against Wells Fargo for failure to serve.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 12, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge


Tamanaha v. Wells Fargo; CIVIL NO. 10-00273 DAE-KSC; FINDINGS AND
RECOMMENDATION TO DISMISS DEFENDANT WELLS FARGO BANK, NA WITHOUT
PREJUDICE